UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC, <br><br>                    Plaintiff, <br><br>          v. <br><br> YOSIF INC, et al., <br><br>                    Defendants. | Case No.  22-cv-07633-JD <br><br> **ORDER RE DEFAULT JUDGMENT** |

In this trademark dispute, plaintiff GS Holistic, LLC (GSH) alleges that the defendant Yosif, Inc., sold counterfeit "Stündenglass" glass gravity infusers in its smoke shop.  Dkt. No. 1. Defendants have not appeared in the case, and the Clerk entered notices of default.  Dkt. Nos. 17, 20.  GSH now asks for a default judgment pursuant to Federal Rule of Civil Procedure 55(b).  Dkt. No. 21.

This would appear to be a garden-variety request but for the fact that GSH has filed hundreds of similar trademark actions in courts throughout the country.  *See* Order to Show Cause at 3, *GS Holistic, LLC v. Vaportoke Inc.*, No. 23-cv-01513-RMR-NRN (D. Colo. 2023) (Dkt. No. 11).  While this volume of cases is not in itself necessarily a cause for concern, GSH uses a cut-and-paste approach to pleadings that has resulted in paper-thin allegations against specific defendants.  Here, the complaint employs rather overheated rhetoric about "unscrupulous people" who "tarnish" GSH's brand by selling counterfeit products, but it alleges only one such sale by Yosif. Dkt. No. 1 ¶¶ 22, 30-31.  For that one sale, GSH did not allege which "Stündenglass Mark" was infringed, *see id*., or otherwise provide facts that might make a trademark claim plausible. GSH has followed the same lackadaisical approach in other cases in this District, which has resulted in multiple orders denying entry of a default judgement.  *See*, *e.g.*, *GS Holistic, LLC v.*

*Puff N Go Gift Shop LLC*, No. 22-CV-07634-VKD, 2023 WL 4146232, at *4 (N.D. Cal. June 22, 2023), report and recommendation adopted, Dkt. No. 30; *GS Holistic, LLC v. Ashes Plus Nine*, No. 22-CV-07101-LJC, 2023 WL 5993055, at *4 (N.D. Cal. Aug. 25, 2023), report and recommendation adopted, Dkt. No. 50.  The reasoning in these orders applies in full force here, and the Court adopts it.

There are also issues with respect to service.  GSH states that it served defendants by substitute service.  Dkt. Nos. 10, 11.  Assuming for a moment that such service was proper, service would have been effective on March 10, 2023, after GSH mailed the service documents on February 28, 2023.  *See* Dkt. Nos. 10, 11; Cal. Civ. Proc. Code § 415.20.  This appears to have been untimely, because the complaint was filed on December 3, 2022.  *See* Fed. R. Civ. P. 4(m).

Consequently, a default judgment is denied without prejudice.  With respect to service, GSH is directed to file, by October 27, 2023, a statement explaining why substitute service was proper, and why service was not untimely.  Failure to meet this deadline will result in dismissal pursuant to Rule 41(b).

**IT IS SO ORDERED.**

Dated: October 11, 2023

JAMES DONATO
United States District Judge