UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GS HOLISTIC, LLC,

          Plaintiff,

     v.

YOSIF INC, et al.,

          Defendants.

Case No.  22-cv-07633-JD

**ORDER RE FAILURE TO PROSECUTE**

In this trademark dispute, plaintiff GS Holistic, LLC (GS) alleges that the defendant Yosif, Inc., sold counterfeit "Stündenglass" glass gravity infusers in its smoke shop. Dkt. No. 1. Defendants have not appeared in the case, and the Clerk entered notices of default. Dkt. Nos. 17, 20.  This case is one of hundreds of trademark infringement actions GS has filed across the country, with a "cut-and-paste approach to pleadings that has resulted in paper-thin allegations against specific defendants" followed by requests for default judgment.  Dkt. No. 25 at 1.

The Court has previously found on two occasions that GS had not shown that a default judgment was warranted, especially in light of its "overheated rhetoric" and "lackadaisical approach." *Id; see also* Dkt. No. 32.  After the most recent denial, the Court granted GS's motion to amend its complaint on April 29, 2025.  Dkt. No. 35.  Subsequently, the case sat dormant for nearly a year, without any activity or prosecution by GS.  Consequently, the Court ordered, on March 18, 2026, for GS to show cause for why the case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for a failure to prosecute.  Dkt. No. 36.

GS's response was insufficient.  It provided no explanation for "the total lack of prosecution of its claims," instead representing to the Court that GS could file yet another "motion for default judgment within 15 days. . . ."  Dkt. No. 37 at 2.  The Court asked for an additional response to the order to show cause to explain the inactivity, along with a factual declaration.  Dkt.

No. 38.  GS's responsive declaration said only that GS changed counsel, who was busy with other cases.  Dkt. No. 39-1 at 1-2.

That is no justification for the nearly year-long period during which this case sat entirely inactive.  The Court has considered the five factors set forth in *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987); *see also Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002).  The Court concludes that, notwithstanding the public policy favoring the disposition of actions on their merits, efficient docket management, the public interest in the expeditious resolution of the litigation, and the interests of fairness, warrant dismissal of this action.  GS neglected this case for at least eleven months.  A plaintiff may not sit idly for that long, awakening only when prodded by the court and ordered to show cause, and expect to meet its burden to prosecute its case.  The case is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  *See Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984).

**IT IS SO ORDERED.**

Dated: May 4, 2026

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

2